

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. O-4967
Re: Are the United States bonds,
Series F, eligible as security
for deposits made by companies
operating under provisions of
Senate Bill No. 135?

Dear Sir:

We have received and carefully considered your
letter of November 12, 1942, requesting the opinion of this
department on the above stated question. We quote from your
letter as follows:

"We kindly ask an opinion from you as to
whether or not United States Defense Bonds, Ser-
ies F, are eligible as security for deposits
made by companies operating under provisions of
Senate Bill No. 135.

"Since this class of bonds can not be
cashed until ninety days after date of purchase
and are also non transferable, would you con-
sider this type of security sufficiently liquid
to adequately protect the policyholders for
whose benefit the deposit is being made?"

Senate Bill 135, Acts of the 46th Legislature,
(Article 5068-1 Vernon's Annotated Civil Statutes) and
since amended with certain respects with which we are
not here concerned, is a comprehensive regulatory bill
embracing the whole field of mutual insurance. Section

6 of Article 5068-1, Vernon's Annotated Civil Statutes, provides:

"Each association, not already required by existing laws to do so, shall place with the State Treasurer through the Board of Insurance Commissioners a deposit equal to the largest risk assumed on any one life or person, which may be in cash or in convertible securities subject to approval by the Board. Such deposits shall be liable for the payment of all judgments against the association, and subject to garnishment after final judgment against the association. When such deposit becomes impounded or depleted, it shall at once be replenished by the association, and if not replenished immediately on demand by the Board, the association may be regarded as insolvent and dealt with as hereinafter provided.

"When any association shall desire to state in advertisements, letters, literature or otherwise, that it has made a deposit with the Board as required by law, it must also state in full the purpose of the deposit, the conditions under which it is made, and the exact amount and character thereof."

Section 13 of Article 5068-1, supra, reads as follows:

"Sec. 13. It is the primary purpose of this Act to secure to the members of the association and their beneficiaries the full and prompt payment of all claims according to the maximum benefit provided in their certificates. It is therefore required of all associations that all claims under certificates be paid in full within sixty (60) days after receipt of due proof of claims.

"Written notice of claim given to the association shall be deemed due proof in the event the association fails upon receipt of notice to furnish the claimant, within fifteen (15) days, such forms as are usually furnished by it for filing claims.

"Any association which shall become unable to pay its valid claims in full within sixty (60) days after due proofs are received, shall for the purpose of this Act be regarded as insolvent, and dealt with as is more fully provided hereinafter."

It appears from the two preceding provisions of the statute that it was the legislative intent that the companies embraced therein should at all times have on deposit with the State Treasurer assets readily convertible into cash, which the court rendering judgment against such depositing company might decree subject to the payment thereof. It will be noted that Section 6, Article 5068-1, expressly provides: "Such deposits shall be liable for the payment of all the judgments against the association, and subject to garnishment as to final judgments against the association."

We do not believe that the bonds in question, by reason of their non-transferable and withdrawal maturity features are sufficiently liquid within such reasonable time for the payment of judgment as was anticipated by the legislature. Therefore, we hold that the bonds in question cannot be deposited under Section 6, Article 5068-1.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

ld          APPROVED NOV 23,

*Gerald C. Mann*